**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ELISEO ZAMORA-MORADO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 22-702

Agency No.
A206-236-937

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 5, 2025[**]
Portland, Oregon

Before: M. SMITH, NGUYEN, and H.A. THOMAS, Circuit Judges.

Eliseo Zamora-Morado, a native and citizen of Mexico, petitions for review

of a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal

of an Immigration Judge's ("IJ") denial of his applications for cancellation of

removal and withholding of removal. We have jurisdiction pursuant to 8 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We deny the petition.

"When the BIA reviews the IJ's decision de novo, 'our review is limited to the BIA's decision except to the extent that the IJ's opinion is expressly adopted.'" *Park v. Garland*, 72 F.4th 965, 974 (9th Cir. 2023) (quoting *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021)). "We review purely legal questions de novo, and the agency's factual findings for substantial evidence." *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022). The "substantial evidence" standard is "highly deferential," and the agency's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Salguero Sosa v. Garland*, 55 F.4th 1213, 1217–18 (9th Cir. 2022) (quoting *Nasrallah v. Barr*, 590 U.S. 573, 583–84 (2020)); *see also* 8 U.S.C. § 1252(b)(4)(B).

1. Substantial evidence supports the agency's conclusion that Zamora-Morado's removal would not result in exceptional and extremely unusual hardship to his two U.S. citizen children. *See* 8 U.S.C. § 1229b(b)(1)(D). The agency properly considered the children's ages, health, and circumstances. *See Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1006 (9th Cir. 2025) (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 63 (B.I.A. 2001)). Contrary to Zamora-Morado's argument, the record is clear that the agency "discussed all evidence that was highly probative or potentially dispositive." *Id.* at 1008.

Zamora-Morado nevertheless contends that the agency applied an incorrect

standard to reach its hardship determination, arguing that "the standard the IJ used was more akin to an 'unconscionable' standard; a standard far beyond the exceptional and extremely unusual hardship" standard, and that the BIA erred when it upheld the IJ's hardship determination. But the record does not support Zamora-Morado's contentions: both the IJ and the BIA repeatedly referenced the correct hardship standard in their decisions. And to the extent that Zamora-Morado disputes the IJ's underlying factual findings, including that the children suffered from "relatively minor health issues," we lack jurisdiction to review those findings. *See Wilkinson v. Garland*, 601 U.S. 209, 225 (2024).

2. Substantial evidence supports the agency's denial of withholding of removal because Zamora-Morado did not show a nexus between a protected ground and any feared harm.[1] Zamora-Morado has stated, in testimony or via affidavit, that he and his wife paid an extortion fee to the cartel for his brother-in-law's release, and that he does not know who murdered one of his wife's cousins or why they did so. Such statements do not compel the conclusion that membership in his family was a reason to fear harm, or that the cartel would be at all motivated

---

[1] Contrary to Zamora-Morado's argument, the BIA properly reviewed legal questions de novo and factual questions for clear error. Any error committed by the IJ in articulating the nexus standard was rendered harmless by the BIA's application of the correct legal standard. *See Marquez-Reyes v. Garland*, 36 F.4th 1195, 1209 (9th Cir. 2022). And Zamora-Morado does not dispute the BIA's explanation that the IJ concluded with the "proper legal standard."

to target him based on any familial relationship. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023); *see also Zetino v. Holder*, 622 F.3d 1007, 1015–16 (9th Cir. 2010). Zamora-Morado's generalized evidence about crime in Mexico is also insufficient to establish a nexus. *See Sarkar v. Garland*, 39 F.4th 611, 623 (9th Cir. 2022). And Zamora-Morado's testimony that his siblings still reside in the same area without having received any threats further undermines his claim. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 743–44 (9th Cir. 2008), *overruled on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc).

**PETITION DENIED.**[2]

---

[2] The temporary stay of removal remains in place until the mandate issues.